UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL McKELVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:25-cv-0672-NCC |
| | ) | |
| CHRISTOPHER L. RICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff Russell McKelvey's Complaint pursuant to 28 U.S.C. § 1915A. For the reasons explained below, the Court will partially dismiss the Complaint, *see id.* § 1915A(b), and direct Plaintiff to effect service of process upon Defendants as to his remaining claims, *see* Fed. R. Civ. P. 4(c) (providing that "[t]he plaintiff is responsible for having the summons and complaint served").

**I.    Facts and Background**

Plaintiff is a Missouri state prisoner who is proceeding *pro se* and has prepaid the $405 civil filing fee. He filed his Complaint on the Court's "Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983" form, naming five individuals employed by the Missouri Department of Corrections ("MDOC"): C.O. Christopher L. Rice; Sgt. Unknown Fenton; C.O. 3 Unknown; C.O. 4 Unknown; and C.O. 5 Unknown. In the Complaint, Plaintiff specified that he sued the Defendants in their official capacities only, Doc. [1] at 2–4, and he sought only monetary relief, *id.* at 11. In a later-filed "Motion to Supplement Complaint," Doc. [6], Plaintiff specified that he intended to sue Defendants in their official

*and* individual capacities. The Court will grant Plaintiff's Motion to the extent he seeks recognition of his intent to sue Defendants in their official and individual capacities, *cf. Reynolds v. Cook*, No. 24-1618, 2025 WL 670428, at *1 (8th Cir. Mar. 3, 2025) (unpublished per curiam) (recognizing that explicitly suing prison officials only in their official capacities forecloses recovery of personal liability damages), and the Court will interpret the Complaint as asserting official and individual-capacity claims. Plaintiff alleges the following.

On January 26, 2024, at the Boonville Correctional Center in "Housing Unit C-Bay," an inmate identified as "C.R." "viciously attacked" Plaintiff, stripped him naked, and delivered "over thirty plus punches" and "several damaging kicks." Doc. [1] at 5. The attack seriously injured Plaintiff and caused him to defecate on himself. *Id.* A week later, Plaintiff was seen by a doctor and sent to the hospital. Plaintiff alleges he suffered "major and permanent injuries" from the attack. *Id.*

Plaintiff claims that "[w]hile this attack occurred," Defendant Rice "simply watched" and "failed to provide safety and security." *Id.* Plaintiff can be understood to allege that because Defendant Rice "just [stood] there watching this brutal act take place," Plaintiff "was left with major and permanent injuries." *Id.* Plaintiff maintains that Defendant Rice "indulged in negligence." *Id.* Plaintiff repeats the same description of the attack and the same allegations against Defendant Fenton and each fictitious Defendant. *Id.* at 6–9.

Plaintiff asks to be awarded $250,000 to "help [him] with his PTSD and try to recover from all of his [pain] and suffering." *Id.* at 11. He states that he is elderly, "will

never fully recover," and that "[l]asting pain will continue to hurt [him] because of this attack that could have easily been stop[ped] if not for the failure of safety and security and clear negligence of these correctional officers." *Id.*

## II.     Legal Standard

Federal law requires this Court to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it in whole or in part if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b); *see also Lewis v. Estes*, 242 F.3d 375 (8th Cir. 2000) (per curiam) (table decision) (concluding § 1915A review applies to a complaint brought by a prisoner against governmental officials even when the prisoner has paid the filing fee).  Courts must liberally construe complaints filed by non-lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), which means courts must "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

In evaluating whether any complaint states a claim for relief, federal courts must look to the facts alleged, "not the legal theories," and determine whether the complaint alleges "sufficient facts . . . to state a claim under any legal theory."  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014); *accord Fitzgerald v. Codex Corp.*, 882 F.2d 586, 589 (1st Cir. 1989) (joined by Breyer, J.) ("[U]nder [Rule] 8, it is not necessary that a legal theory be pleaded in the complaint if plaintiff sets forth 'sufficient factual allegations to state a claim showing that he is entitled to relief' under *some* viable

3

legal theory."); *Gins v. Mauser Plumbing Supply Co.*, 148 F.2d 974, 976 (2d Cir. 1945) (Clark, J.) (joined by L. Hand, J.) (explaining "particular legal theories of counsel yield to the court's duty to grant the relief to which the prevailing party is entitled"); *see also* Charles E. Clark, *Pleading Under the Federal Rules*, 12 Wyo. L.J. 177, 191–92 (1958). However, even *pro se* plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (per curiam). This means courts will "not supply additional facts," nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam); *accord Stone*, 364 F.3d at 914–15.

### III.     Discussion

#### a.     Official-Capacity Claims

Plaintiff asserts claims for damages against the Defendants in their official capacities. A suit against a public official in his official capacity is a suit against the entity for which the official is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). According to the Complaint, Defendants are employed by the MDOC, a state agency. *See Walker v. Mo. Dep't of Corr.*, 213 F.3d 1035, 1036 (8th Cir. 2000) (recognizing the MDOC as state agency). The Eleventh Amendment prohibits suits for damages against the state, agencies of the state, or state officials acting in their official capacities. *Nix v. Norman*, 879 F.2d 429, 432–33 (8th Cir. 1984). And what is more, "[s]tate officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the

government that employs them." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The Court therefore will dismiss Plaintiff's official-capacity claims for damages.

      b.      <u>Individual-Capacity Claims</u>

Plaintiff maintains that each Defendant "indulged in negligence" when they stood by and watched as another prisoner viciously beat Plaintiff. "Mere negligence is not sufficient to support a cause of action under § 1983." *Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) (per curiam); *accord Terrell v. Larson*, 396 F.3d 975, 978 (8th Cir. 2005) (en banc). But because the Court looks to Plaintiff's facts, not his legal theories, specifying an incorrect theory is far from a fatal error. *See Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011); *see also, e.g.*, *Parker v. United States*, 721 F. App'x 531, 533 (7th Cir. 2018) (unsigned order) (joined by Barrett, J.) (noting it was "irrelevant" that plaintiff's complaint mentioned "'malpractice' rather than 'medical battery,'" since the Federal Rules of Civil Procedure "require plaintiffs to state a claim for relief, that is, a 'grievance,' not to plead a legal theory").

Having thoroughly reviewed and liberally construed all of Plaintiff's factual allegations, the Court finds that they state plausible Eighth Amendment claims for deliberate indifference against each Defendant. *See Schreane v. Beemon*, 575 F. App'x 486, 491 (5th Cir. 2014) (per curiam) (explaining that a prison guard's failure to protect an inmate from assault can violate the Eighth Amendment if the guard acted with deliberate indifference and subjected the inmate to a substantial risk of serious harm); *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990) (finding deliberate indifference of

5

constitutional magnitude may occur when prison guards fail to protect one inmate from an attack by another).

True, it is well-settled in this Circuit that prison guards have no constitutional duty to intervene in the armed assault of one inmate upon another if intervention would place the guards in danger of physical harm. *Prosser v. Ross*, 70 F.3d 1005, 1008 (8th Cir. 1995). Nor are prison guards constitutionally required to intervene in violent fights between inmates when the inmates outnumber guards. *Id.* But crediting Plaintiffs' well-pleaded allegations, as the Court must do at this preliminary stage, *multiple* guards simply stood by and watched while an *unarmed* inmate repeatedly punched and kicked a defenseless Plaintiff, who lay helpless on the ground. His allegations accordingly are enough to establish an Eighth Amendment claim at this § 1915A stage. *See Adams v. Glass*, 764 F. App'x 137, 139 (3d Cir. 2019) (per curiam) (explaining prison guards who fail to intervene when a prisoner is being beaten may be liable for failing to protect the prisoner if the guard had a reasonable opportunity to intervene and simply refused to do so); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (explaining that "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely'").

With this claim arising under federal law, the Court also discerns facts that state a plausible claim for negligence arising under Missouri law. *See* 28 U.S.C. § 1367(a) (providing for this Court's supplemental jurisdiction); *see also, e.g.*, *Springer v. Barker*, 3:18-cv-0747-JDP, 2018 WL 5724041, at *1 (W.D. Wis. Nov. 1, 2018) (construing a *pro se* complaint alleging "neglectful" conduct to "be making claims for deliberate indifference

in violation of the Eighth Amendment and state-law negligence"). "State tort law, not the Constitution, provides recompense for negligence or gross negligence by prison officials." *Carrera v. Neb. Dep't of Corr. Servs.*, 4:04-cv-3062, 2005 WL 2042305, at *9 (D. Neb. Aug. 22, 2005). Here, the Court already has concluded that Plaintiff stated a claim for deliberate indifference in violation of the Eighth Amendment. Since deliberate indifference requires even "more than negligence," *Francisco v. Corizon Health, Inc.*, 108 F.4th 1072, 1077 (8th Cir. 2024), Plaintiff's pleaded facts also support a viable theory of negligence under Missouri law. *See Burwell v. City of Lansing*, 7 F.4th 456, 477 (6th Cir. 2021) (noting "a deliberate indifference finding will necessarily entail a gross negligence finding"); *Castro v. United States*, 560 F.3d 381, 394 (5th Cir. 2009) (Smith, J., dissenting) (noting "many violations of the Eighth Amendment by prison officials likely also constitute negligence under state law"); *see also Harris v. Munoz*, 43 S.W.3d 384, 387 (Mo. Ct. App. 2001) (Stith, J.) (recognizing prison officials can be liable to inmates for negligence under Missouri law).[1]

For all these same reasons, and for purposes of initial review, Plaintiff has alleged sufficient facts as to the three fictitious Defendants, *see Jones v. City of St. Louis*, 104 F.4th

---

[1] The Court preliminarily determines that Plaintiff's allegations are enough to survive the affirmative defense of official immunity under Missouri law, which protects public employees from liability for alleged acts of negligence committed in their official duties for the performance of discretionary acts. *See Johnson v. Schurman*, 145 F.4th 897, 905 (8th Cir. 2025). Though protecting prisoners certainly entails discretionary acts, Plaintiff seems to have pleaded enough facts that raise the reasonable inference that Defendants acted in bad faith or with malice such that official immunity would not shield them. *See Williamson v. Steele*, 4:12-cv-1548-CAS, 2015 WL 3620607, at *11 (E.D. Mo. June 9, 2015) (denying prison officials' motion for summary judgment on official immunity grounds because issue of fact remained over whether they "acted maliciously toward plaintiff").

1043, 1049 (8th Cir. 2024) (noting that liability under § 1983 "is personal"), and their identities could be ascertained after reasonable discovery, *see Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019). Therefore, the Court finds no basis to presently dismiss the fictitious defendants.

  c. <u>Service</u>

 Plaintiff is not proceeding *in forma pauperis*, so the Court is not responsible for serving process pursuant to 28 U.S.C. § 1915(d); rather, Plaintiff is responsible. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4."); *Davis v. D.C. Dep't of Corr.*, 1:25-cv-1895-JMC, 2025 WL 1743940, at *2 n.1 (D.D.C. June 24, 2025) (noting same). Plaintiff must request summonses, *see* E.D. Mo. L.R. 2.02(B); Fed. R. Civ. P. 4(b), and find a qualified person to effect service of process upon Rice and Fenton in accordance with Rule 4 of the Federal Rules of Civil Procedure.[2] "Any person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). That means that Plaintiff cannot serve process himself. In addition to serving Defendants Rice and Fenton, Plaintiff also must ascertain the fictitious Defendants' identities and have them served. *See Nat'l Legal & Pol'y Ctr. v. Berkshire Hathaway Inc.*, 774 F. Supp. 3d 1105, 1125 (D. Neb. 2024) (explaining that plaintiffs must effect service on defendants,

---

[2] Plaintiff can also seek to have Defendants formally waive service. *See* E.D. Mo. L.R. 2.02(B); *see also* Fed. R. Civ. P. 4(d). The Court warns, though, that Defendants have no obligation to waive service, and a defendant's failure to formally waive service is not an excuse for a plaintiff having failed to serve them in time. *See Taylor v. Caplan*, 4:24-cv-1303-MTS, 2025 WL 26683, at *1 (E.D. Mo. Jan. 3, 2025).

8

both named and unnamed, within the time proscribed in Rule 4(m)); *Martin v. Noble Cnty. Sheriff's Dep't*, No. 21-1214, 2021 WL 5505407, at *2 (7th Cir. Nov. 24, 2021) (unsigned order) (noting same).

The Court will provide Plaintiff an extension of Rule 4(m)'s ninety-day deadline and require Plaintiff to serve all Defendants, including the fictitious Defendants, no later than Tuesday, December 09, 2025. If Plaintiff fails to do so, the action will be dismissed without prejudice as to any unserved Defendants. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also Allen v. Amsterdam*, 132 F.4th 1065, 1074 (8th Cir. 2025) (Loken, J., dissenting) (encouraging district judges in the Eighth Circuit, "when a PLRA suit is filed against John Doe defendants, to adopt as part of the initial screening the case management practice of setting a definite time within which John Doe defendants must be identified or dismissed").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Supplement, Doc. [6], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claims against all Defendants are **DISMISSED**. A separate order of partial dismissal will be entered herewith.

9

**IT IS FINALLY ORDERED** that Plaintiff shall cause service of process to be effected upon Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure no later than **Tuesday**, **December 09, 2025**. Failure to do so will result in the dismissal of this action as to any unserved Defendant without prejudice and without further notice.

Dated this 10th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE