**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RUSSELL MCKELVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-00672-NCC |
| | ) | |
| C.O. CHRISTOPHER RICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the Partial Motion to Dismiss State Law Claims filed by Defendants Christopher Rice and Thomas Fenton. Doc. [28]. For the reasons that follow, the Court will grant the Motion and dismiss Plaintiff's state-law negligence claims and deny the Motion in all other respects.

## I. Background

The following is taken from Plaintiff's Complaint. Plaintiff is incarcerated at the Boonville Correctional Center ("BCC"). All of the Defendants are Missouri Department of Corrections ("MDOC") correctional officers who worked at the BCC. Plaintiff's claims arise from a January 26, 2024, incident that occurred in Housing Unit C-Bay, Bunk B-17. Plaintiff alleges that another inmate attacked him, and the five Defendants stood by, watched the attack, and failed to intervene. The Court screened the case pursuant to 28 U.S.C. § 1915A(a) and found that Plaintiff's allegations stated

a claim under the Eighth Amendment via 42 U.S.C. § 1983 and a claim for state-law negligence. Doc. [8] (2025 WL 2899020).

In the instant Motion, Defendants Rice and Fenton state they "move to dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted." Doc. [28]. Though they title their Motion "Partial Motion to Dismiss," they request that the Court "dismiss all claims with prejudice." *Id.* In their supporting Memorandum, they contend only that Plaintiff's state-law negligence claims are barred by the one-year statute of limitations in Mo. Rev. Stat. § 516.145. Doc. [29]. Rice and Fenton argue that section 516.145 applies to Plaintiff's claims because Plaintiff is an offender, and the Defendants are MDOC corrections officers who were acting in their official capacities as that phrase is used in the statute. Rice and Fenton contend that, because the Complaint alleges that the assault occurred on January 26, 2024, and Plaintiff did not file this action until May 9, 2025, Plaintiff's state-law negligence claims are time-barred. Plaintiff did not respond to the Motion, and the time for doing so has passed. *See* E.D. Mo. L.R. 4.01(B).

## II. Legal Standard

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. When considering a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014).

Bar by a statute of limitation is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a defendant does not render a complaint defective by pleading an affirmative defense. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) (citations omitted). However, a court may dismiss a claim under Rule 12(b)(6) "as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." *Weatherly v. Ford Motor Co.*, 994 F.3d 940, 942 (8th Cir. 2021) (quoting *Wong v. Wells Fargo Bank N.A.,* 789 F.3d 889, 897 (8th Cir. 2015)); *see also Jessie*, 516 F.3d at 713 n.2 (citations omitted) ("[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense.").

## III. Discussion

Under Missouri law, "all actions brought by an offender, as defined in section 217.010, against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty" must be brought "within one year." Mo. Rev. Stat. § 516.145. Based on the Complaint, this Court finds that Plaintiff is an "offender" for purposes of section 516.145, *see* Mo. Rev. Stat. § 217.010, and that all five Defendants are current or former MDOC employees.

The Court now addresses whether section 516.145 applies to Plaintiff's state-law negligence claims. In *Kinder v. Missouri Department of Corrections*, a MDOC inmate asserted a negligence claim against a MDOC officer for injuries sustained in an accident

involving a van the officer was driving. 43 S.W.3d 369 (Mo. Ct. App. 2001). The Court determined that section 516.145's use of the word "all" before the word "actions" "indicates that the legislature did not intend for there to be any type of claim that an offender could bring that would be an exception to the one-year time limit in § 516.145," and concluded that the plaintiff's negligence claim fell within the scope of actions covered by section 516.145. *Id.* at 373; *see also Aldridge v. Hoskin*, 645 S.W.3d 101, 104 (Mo. Ct. App. 2022) (citing *Kinder* and concluding that the use of the word "all" means there are no exceptions). This Court finds that Plaintiff's state-law negligence claims against the Defendants fall within the scope of actions covered by section 516.145.

The Court now addresses whether the Complaint establishes that the alleged misconduct – watching the assault without intervening to protect Plaintiff – falls within section 516.145's reference to either an "act in an official capacity" or "the omission of an official duty." In *Kinder*, the Court determined that the defendant was acting in an official capacity as that phrase is used in 516.145 when she was transporting the plaintiff in the van. In reaching that determination, the *Kinder* court wrote: "The phrase 'act in an official capacity' means that a public servant is acting within the scope of what he or she is employed to do rather than being engaged in a personal frolic." *Id.* (citation omitted).

In this case, Plaintiff's Complaint establishes that all five Defendants were working at the BCC and present in Housing Unit C-Bay at the time of the attack. And

Plaintiff alleges that the Defendants witnessed the attack but did not intervene to protect Plaintiff's safety and security. Correctional officers are required, as part of their employment, to "respond to fights and other incidents." *See Hootselle v. Mo. Dep't of Corr.*, 624 S.W.3d 123, 142 (Mo. banc 2021); *cf. Miller v. Owsley*, 422 S.W.2d 39, 44 (Mo. banc 1967) (noting that, in housing prisoners, a sheriff has a "duty, in the exercise of ordinary care, to use such means as are at his command to prevent" violence among the prisoners). Supervising inmates and providing safety and security in a housing unit are part of what a corrections officer is employed to do, even if his alleged inaction was improper. *See Southers v. City of Farmington*, 263 S.W.3d 603, 619 n.22 (Mo. Banc. 2008) ("An act that is fairly and naturally incident to the employer's business is not removed from the employer's business because it is mistakenly or ill-advisedly done, unless it arises from a wholly external, independent or personal motive."). Construing the Complaint in Plaintiff's favor, the Court finds that it establishes that at the time of the attack, the five Defendant's failure to intervene was an "act in an official capacity" or "the omission of an official duty" as those phrases are used in section 516.145.

The Court therefore finds that the Complaint establishes that the one-year limitations period of Mo. Rev. Stat. § 516.145 applies to Plaintiff's state-law negligence claims against the five Defendants. Because Plaintiff did not file this action within one year of January 26, 2024, his state-law negligence claims are time-barred. The Court will grant Defendants Rice and Fenton's Partial Motion to Dismiss as to that claim,

dismissing Plaintiff's state-law negligence claims. The Court will deny the Motion in all other respects.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Christopher Rice and Thomas Fenton's Partial Motion to Dismiss State Law Claims, Doc. [28], is **GRANTED** in part in that Plaintiff's state law negligence claim is **DISMISSED**. Defendants' Motion is **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants Christopher Rice and Thomas Fenton shall answer the Complaint no later than **Monday**, **December 07, 2026**.

Dated this 19th day of November 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE